UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| Peter Parnell, et al.<br><br>                    Plaintiffs,<br><br>v.<br><br>School Board of Nassau County, Florida, et al.,<br><br>                    Defendants. | Case No. 3:24-cv-00492-WWB-MCR<br><br>**MEMORANDUM IN SUPPORT OF PARTIES' RENEWED JOINT MOTION TO DISMISS WITHOUT PREJUDICE AND RETAIN JURISDICTION** |

Peter Parnell, Justin Richardson, E.M. by and through her parent Sara Moerman, A.M. by and through her parent Sara Moerman, Sara Moerman, M.L. by and through her parent Toby Lentz, and Toby Lentz (the "Plaintiffs") and the School Board of Nassau County, Florida, Dr. Kathy Burns in her official capacity as Superintendent of the Nassau County School District, Mark Durham in his official capacity as Assistant Superintendent of the Nassau County School District, Dr. Misty Mathis in her official capacity as Executive Director of Instruction of the Nassau County School District, and Dr. Kari Burgess-Watkins in her official capacity as Director of Instructional Technology & Information Services of the Nassau County School District (the "Defendants," and together with Plaintiffs, the "Parties"), have entered into a Settlement Agreement (the "Settlement Agreement" or "Agreement"), attached hereto as Exhibit 1, that resolves their claims.

For the reasons set forth below, the Parties jointly move this Court to approve the Agreement in accordance with Fla. Stat. § 744.387(3)(a) and for entry of an Order conditionally dismissing the claims in this action, without prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, subject to the Court incorporating the terms of the Settlement Agreement into its dismissal Order and retaining jurisdiction to

enforce the Settlement Agreement in accordance with its terms until December 31, 2024. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994) (establishing that under Rule 41(a) a federal district court may retain jurisdiction to enforce a "dismissal-producing settlement agreement" in its order); *L. Sols. Of Chicago LLC v. Corbett*, 971 F.3d 1299, 1317 (11th Cir. 2020) (noting that the Court may retain ancillary jurisdiction to enforce the terms of a settlement agreement when it "either incorporate[s] the terms of a settlement into its final order of dismissal or expressly retain[s] jurisdiction to enforce a settlement" (quoting *Am. Disability Ass'n, Inc. v. Chmielarz*, 289 F.3d 1315, 1320 (11th Cir. 2002)); *see also, e.g.*, *Disability Rts. Fla., Inc. v. Jacobs*, 2019 WL 13280380, at *1 (M.D. Fla. Nov. 18, 2019) ("A court order dismissing the suit may embody the settlement agreement or retain jurisdiction over the settlement agreement if the parties agree." (citation omitted)).

### A. Voluntary Dismissal Does Not Prejudice Defendants' Legal Interests

A voluntary dismissal upon motion "in most cases … should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result." *United States v. $70,670.00 in U.S. Currency*, 929 F.3d 1293 (11th Cir. 2019) (quoting *McCants v. Ford Motor Co.*, 781 F.2d 855, 856–57 (11th Cir. 1986)). To determine whether settlement will prejudice a defendant's legal interests, courts consider "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Pezold Air Charters v. Phoenix Corp.*, 192 F.R.D. 721,

728 (M.D. Fla. 2000) (quoting *Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir.1994)). Each factor weighs in favor of dismissal here.

*First*, Defendants have not expended any effort or expense in preparing for trial: a trial date has not been set in this matter, and in any event would occur on or after July 1, 2025. ECF No. 29 at 2. Defendants have neither filed any motions nor engaged in discovery, as Defendants' efforts have been focused on resolving this dispute as set forth in the Settlement Agreement attached as Exhibit 1. As this case has not progressed past the early stages of litigation and trial is at least nine months away, Defendants will not be prejudiced by the Court's entry of an order of dismissal based on their previous efforts in this matter.

*Second*, Plaintiffs have been diligent in prosecuting their claims. Plaintiffs have met each of the Court-ordered deadlines, including by serving initial disclosures on Defendants on August 30, 2024 during the pendency of Parties' settlement negotiations. The Plaintiffs' Unopposed Motion for the Extension of Time to File Mediator Selection was for the purpose of preserving judicial resources and reducing expense to the Parties as they "anticipate[d] resolving this matter via settlement within the week." ECF No. 31 at 2. Indeed, the Parties filed their Joint Motion to Dismiss Without Prejudice and Retain Jurisdiction, ECF No. 33, three days after Plaintiffs filed their unopposed extension request.

*Third*, there is sufficient basis for the need for dismissal. The Settlement Agreement fully resolves *all* claims at issue in this case. *See* Ex. 1; *compare Disability Rts. Fla.*, 2019 WL 13280380, at *1 (granting voluntary dismissal where "[b]oth parties have agreed to resolve all remaining issues in this action")*, with Pezold Air Charters*, 192

F.R.D. at 728 (refusing to grant motion for voluntary dismissal of counterclaims that were "unsupported by any evidence" and designed to "increase … litigation costs").

**B. Settlement Is In The Best Interest Of The Student Plaintiffs**

While "[f]ederal law does not speak to the standard that the Court should employ in determining whether to approve a settlement agreement" impacting the rights of minor children, "[c]ourts in this District have elected to apply Fla. Stat. § 744.387(3)(a) when addressing settlement agreements involving a minor with claims arising under federal law." *Dobbs v. United States*, 2024 WL 3342274, at *2 (M.D. Fla. May 21, 2024), *R&R adopted*, 2024 WL 3342140 (M.D. Fla. June 3, 2024). "Pursuant to § 744.387, court approval of a settlement agreement involving a minor requires a determination that 'the settlement will be for the best interest of the ward.'" *Id.* (quoting Fla. Stat. § 744.387(1)). The statute provides "that *only* the child's interest may be considered and that financial excessiveness is not relevant in deciding whether to approve a settlement." *In re Smith*, 926 F.2d 1027, 1029 (11th Cir. 1991).

The 36 books at issue in the instant action (the "36 Books") are being restored pursuant to the terms of the Settlement Agreement. Accordingly, the Settlement Agreement grants E.M., A.M., and M.L. (the "Student Plaintiffs") the ability to access the very materials the Student Plaintiffs asked the Court to order returned to Nassau County's public school library collection. As a result, it is in the Student Plaintiffs' best interests for the Court to approve the Agreement and retain jurisdiction to enforce it.

*First*, the Student Plaintiffs brought suit alleging that Defendants' removal of *And Tango Makes Three* ("Tango") from Nassau County School District libraries violated their First Amendment right to receive information. Student Plaintiffs sought an injunction

4

"requiring Defendants to restore unrestricted student access to *Tango*." Compl. ¶¶ 128–29, 143. The Settlement Agreement remedies this alleged harm and provides the requested relief regarding *Tango*. *See* Ex. 1 at 2.

*Second*, the Student Plaintiffs brought claims alleging the violation of their rights under Fla. Const. art. I, § 24(b) and Fla. Stat. §§ 1006.28(2)(a)5 and 286.011 based on Defendants' conduct in removing or restricting access to the 36 Books without an opportunity for the Student Plaintiffs, or their parents Sara Moerman and Toby Lentz, to be heard at a public meeting. Compl. ¶¶ 145–46, 150, 157. Accordingly, the Student Plaintiffs requested that the Defendants' course of conduct be reversed, and the 36 Books be restored to public school library shelves. *Id.* ¶¶ 152–53, 158–59. In their Answer, ECF No. 27, Defendants denied Plaintiffs allegations, including the process by which the 36 Books were removed, many of the inferences drawn therefrom, the public hearing requirements Plaintiffs alleged were required as part of the removal of the 36 Books, as well as Plaintiffs' alleged injuries resulting from the removal of the 36 Books.

The Settlement Agreement addresses all of the harms alleged by Plaintiffs. Specifically, it provides for the return of *Tango*, with no age restriction whatsoever, to the Nassau County school district library collection. *See* Ex. 1 at 2. Further, the Settlement Agreement provides for the return of all 36 Books to the libraries from which they were removed. *Id.* at 2–4. Of the 36 books returned, 23 will retain the same grade level accessibility that they had prior to their removal, while one will be made "available to all Nassau County public school students in grade level 9 and above." *Id.* at 2–3. The remaining 12 books will "be returned to the respective Nassau County public school library or libraries from which Defendants removed them," and will be "accessible to (i) all

5

Nassau County public school students aged 18 and over and (ii) all Nassau County public school students who obtain parental or guardian consent to check out any or all of" the books.  *Id.* at 3.

In addition to restoring the 36 Books, Defendants will form a District Review Committee ("Review Committee") pursuant to Administrative Rule 8.33 of the Nassau County School District.  The purpose of the Review Committee will be to evaluate the 12 books that are accessible only by students aged 18 and over or those under the age of 18 who obtain parental or guardian consent to read any or all of the 12 books.  The Parties have agreed that any Review Committee meetings will be open to the public and subject to public input and comment.  *Id.* at 4.  Any final decision by the Review Committee is also "subject to appeal in accordance with the procedures set forth in Administrative Rule 8.33."  *Id.*

At this early juncture, the Court has made no findings of fact or application of law, so all of the risks and uncertainties that exist in litigation matters remain with the Parties. Resolution of this matter pursuant to the terms of the Settlement Agreement is in the best interests of the Student Plaintiffs because settlement avoids the possibility of their not obtaining remedies for their alleged harms or receiving an adverse ruling.  The Parties therefore request that the Court, pursuant to Fla. Stat. § 744.387(3)(a), approve the Settlement Agreement pending before the Court.

### C. The Court Should Retain Jurisdiction To Enforce The Settlement Agreement Until December 31, 2024

The Court may, in its discretion, retain jurisdiction to enforce a settlement agreement pursuant to Rule 41(a)(2), if the parties agree.  *See Kokkonen*, 511 U.S. at 381–82; *Disability Rts. Fla.*, 2019 WL 13280380, at *1.  The Parties in the instant action

have agreed that the Court should retain jurisdiction to enforce the terms of their Agreement and conditioned the enforceability of their Agreement on the Court retaining such jurisdiction. *See* Ex. 1 at 6.

"To retain jurisdiction to enforce a settlement agreement, the court itself must act; agreement by the parties is not enough." *Anago Franchising, Inc. v. Shaz*, LLC, 677 F.3d 1272, 1279 (11th Cir. 2012*)*. Courts within the Eleventh Circuit have found sufficient cause to retain jurisdiction where, as here, the settlement agreement has been filed on the docket and the request to retain jurisdiction is tied to performance of the settlement agreement. *See, e.g.*, *Ambiela v. Roko Invs. 2 LLC*, 2023 WL 2244828, at *5 (S.D. Fla. Jan. 20, 2023), *R&R adopted,* 2023 WL 2240445 (S.D. Fla. Feb. 27, 2023); *Ayala v. Miami Cuban Link Jewelry, Inc.*, 2022 WL 4598660, at *6 (S.D. Fla. Sept. 30, 2022).

Because the Parties have filed their Agreement on the Court's docket, *see* Ex. 1, and request that the Court retain jurisdiction only until the deadline for Defendants to perform their final obligation pursuant to the Agreement to provide Plaintiffs a "Status Report" by December 31, 2024, *see id.* at 5, the Parties submit that it is reasonable for the Court to retain jurisdiction to enforce the Parties' Agreement until December 31, 2024. *See Popova v. Invs. 41 LLC*, 2023 WL 346287, at *4 (S.D. Fla. Jan. 20, 2023) (finding reasonable the request for the court to reserve jurisdiction to enforce the terms of the Agreement where the proposed end date was tied to the deadline for payment of the settlement amount).

Therefore, the Parties respectfully request, pursuant to Federal Rule of Civil Procedure 41(a)(2), that the Court dismiss the claims raised in this action without prejudice in an Order incorporating the terms of the Parties' Agreement and retaining

jurisdiction to enforce its terms until December 31, 2024.[1]  The Parties further request that the Court approve the Agreement in accordance with Fla. Stat. § 744.387(3)(a).  For the Court's consideration, the Parties attach a proposed order hereto as Exhibit 2.

| | |
|---|---|
| Dated:  New York, NY<br>September 16, 2024 | Respectfully submitted,<br><br>SELENDY GAY PLLC<br><br>By:  /s/          Lauren Zimmerman |
| Anna T. Neill (FBN 100945)<br>KENNY NACHWALTER, P.A.<br>1441 Brickell Avenue, Suite 1100<br>Miami, FL 33131<br>Tel: 305-373-1000<br>atn@knpa.com | Faith E. Gay (FBN: 129593)<br>Lauren J. Zimmerman*<br>Masha Simonova*<br>Alexandra Butler*<br>SELENDY GAY, PLLC<br>1290 Avenue of the Americas<br>New York, NY  10104<br>Tel: 212-390-9000<br>fgay@selendygay.com<br>lzimmerman@selendygay.com<br>msimonova@selendygay.com<br>abutler@selendygay.com<br><br>*Counsel for Plaintiffs*<br><br>*(admitted *pro hac vice*) |
| | By:  /s/          Brett Steger |
| STEGER LAW FIRM, PLLC<br>1869 South 8th Street<br>(P): 904-261-2848<br>(F): 904-261-4476<br>(E): Brett@StegerLegal.com | BRETT L. STEGER<br>ATTORNEY FOR DEFENDANTS<br>FLORIDA BAR No. 102222 |

---

[1] The Parties have agreed, and the Settlement Agreement provides, that in the event the Court declines to retain jurisdiction, their Agreement shall become null and void and Plaintiffs will continue to prosecute their claims against Defendants through the instant action.